# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROGER D. O'NEAL,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0189** (BOR Appeal No. 2047594)
            (Claim No. 2010131584)

**INTERNATIONAL COAL GROUP, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roger D. O'Neal, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. International Coal Group, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 29, 2013, in which the Board affirmed a June 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 26, 2010, decision granting Mr. O'Neal a 3% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon an erroneous conclusion of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. O'Neal worked as a heavy equipment operator for International Coal Group, Inc. On April 19, 2010, he suffered an injury to his lower back from twisting when he was pulling himself up to tighten a valve on a pipe. The claim was originally held compensable for lumbar sprain. Mr. O'Neal requested the following diagnoses be added as compensable components: lumbosacral spondylosis without myelopathy, lumbar radiculitis, and displacement of intervertebral disc without myelopathy. The claims administrator denied this request on August

1

5, 2010, but the Office of Judges reversed the claims administrator's decision and added the requested diagnoses. The Board of Review modified the Order of the Office of Judges and excluded the diagnosis of spondylosis without myelopathy as a compensable component. The compensable components then became lumbar sprain, lumbar radiculitis, and displacement of intervertebral disc without myelopathy. Rakesh Wahi, M.D., on September 7, 2010, recommended granting Mr. O'Neal a 3% permanent partial disability award. On October 26, 2010, the claims administrator granted Mr. O'Neal a 3% permanent partial disability award for the lumbar sprain.

The Office of Judges affirmed the claims administrator's decision and granted Mr. O'Neal a 3% permanent partial disability award. On appeal, Mr. O'Neal disagrees and asserts that with the additional compensable diagnoses, he would fall into Lumbar Category III-A of West Virginia Code of State Rules § 85-20-C (2006) instead of Lumbar Category II-B. He further asserts that Dr. Wahi's recommendation would not be limited to an 8% award under West Virginia Code of State Rules § 85-20-C and would support an additional 5% permanent partial disability award. International Coal Group, Inc., maintains that Mr. O'Neal has the burden of proving by a preponderance of the evidence that he deserves more than a 3% permanent partial disability award as a result of his compensable injury and failed to prove this.

The Office of Judges granted Mr. O'Neal a 3% permanent partial disability award. Dr. Wahi concluded that Mr. O'Neal had an 8% whole person impairment for the compensable component of the lumbar sprain and recommended a 3% permanent partial disability award since Mr. O'Neal had already received a 5% permanent partial disability award for the lumbar spine. The Office of Judges noted that Mr. O'Neal argued that an Office of Judges' September 12, 2011, Order added diagnoses of spondylosis without myelopathy, radiculitis, and displaced intervertebral disc without myelopathy as compensable components and that he should receive a 5% permanent partial disability award in addition to his prior award based upon reclassification of his allowed diagnoses. The Office of Judges found that neither party mentioned the Board of Review's February 27, 2012, Order that modified the Office of Judges' September 12, 2011, Order and excluded the diagnosis of spondylosis without myelopathy. The Office of Judges further found that without the inclusion of spondylosis without myelopathy the accepted diagnoses of radiculitis and displaced intervertebral disc without myelopathy would not appear to place Mr. O'Neal into Lumbar Category III-A of the West Virginia Code of State Rules § 85-20-C. The Office of Judges determined that even though there is a consistent report of radiculopathy, there was no electrodiagnostic test to confirm radiculopathy. It found it was uncertain if Mr. O'Neal clearly fit into Lumbar Category III as opposed to Lumbar Category II. The Office of Judges concluded that there was no qualified medical authority placing Mr. O'Neal in Lumbar Category III or suggesting that he is entitled to more than a 3% permanent partial disability award. The Board of Review affirmed the Order of the Office of Judges.

The Board of Review erred in affirming the Order of the Office of Judges. The only independent medical examination of the record is Dr. Wahi's, and it was completed on September 7, 2010, before the Board of Review affirmed the diagnoses of radiculitis and displaced intervertebral disc without myelopathy on February 27, 2012. The Office of Judges erred in concluding that Mr. O'Neal would clearly not fit into Lumbar Category III. Mr. O'Neal

needs a new independent medical examination so that an impairment rating can be recommended for the additional compensable components.

For the foregoing reasons, we find that the decision of the Board of Review is clearly based upon an erroneous conclusion of law. Therefore, the decision of the Board of Review is reversed and remanded with instructions to have a new independent medical evaluation completed.

Reversed and Remanded.

**ISSUED:   September 18, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis